James R. NORRIS and Gwendolyn C. Norris, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Kirk MILLER; Federal Financial Company; National Financial Company; Federal Refinance Company; Amos, Inc.; Amos Partnership; and Ohannes Korogluyan, Defendants.

No. 95 C 4967.

United States District Court,
N.D. Illinois,
Eastern Division.

May 31, 1996.

Daniel A. Edelman, Edelman & Combs, Chicago, IL, for Plaintiffs.

Thomas S. Heidkamp, Dryden & Heidkamp, Ft. Myers, Florida, for Defendants.

## MEMORANDUM ORDER

BOBRICK, United States Magistrate Judge.

Before the court for decision are the motions of defendants Federal Finance Company ("FFC"); Kirk Miller; and National Finance ("NFC"), Federal Refinance Company ("FRC"), Amos, Inc., Amos Partnership, and Ohannes Korogluyan, to dismiss the amended complaint of plaintiffs James R. Norris and Gwendolyn C. Norris, or in the alternative, for a stay.[1]

## I. BACKGROUND

Plaintiffs bring their amended complaint under the Fair Debt Collection Practices Act ("Federal Act"), 15 U.S.C. § 1692 et seq., and the Florida Consumer Collection Practices Act ("Florida Act"), Fla.Stat. § 559.55 et seq., alleging that the defendants violated these statutes by attempting to collect a time-

---

1. The parties have executed a LIMITED CONSENT TO EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE, allowing for this court to conduct any and all proceedings, including entry of final judgment, on the instant motions.

barred debt. The defendants[2] move to dismiss plaintiffs' complaint, or in the alternative for a stay, on several theories. FFC argues that: (1) plaintiffs' action is premature because the claim can and should be adjudicated in an action pending in Florida state court; (2) FFC is not subject to the requirements of the Federal Act; and (3) FFC's foreclosure action is not time-barred. The remaining defendants also seek dismissal, arguing that the allegations relating to them are insufficient to hold them liable.

This case stems from plaintiffs' purchase of a time share unit, presumably in Florida. (*Amended Complaint* ("*AC* "), ¶ 20). In connection with the purchase, they signed a promissory note and mortgage deed. They ceased making timely payments on the note no later than November 26, 1986. (*Id.,* ¶ 21). Sometime thereafter, defendant Miller, president of FRC, purchased plaintiffs' loan. (*Id.,* ¶ 23). On or about May 18, 1995, plaintiffs received a letter from FFC entitled "Notice of Default," which informed them that they were in default on their note and mortgage, which were now held by FFC. (*Id.,* ¶ 25). Plaintiffs were soon served with a summons and Florida complaint in which FFC, as sole plaintiff, sought damages on the note. (*Id.,* ¶ 25). Plaintiffs filed this suit in response, contending that Florida's Five-year statute of limitations (Fla.Stat. § 95.11(1)(b)) ran no later than November 18, 1991. (*Id.,* ¶ 22). Some time after plaintiffs filed, FFC sought to amend its Florida complaint, adding Amos Partnership, Korogluyan, FRC in order to comply with Florida procedural law, and adding a count seeking foreclosure. We now address the defendants' arguments for dismissal, or a stay, of plaintiffs' action.

## II. *ANALYSIS*

■ As noted above, FFC advances three arguments in favor of dismissal or stay of plaintiffs' complaint. First, FFC notes that plaintiffs filed a motion to dismiss the Florida complaint on July 12, 1995, but did not raise the statute of limitations. (*Memorandum in Support of Motion of FFC,* at 4; Ex. 2). Instead, plaintiffs filed a new action in federal court raising the statute of limitations issue. FFC submits that the instant action could be rendered moot by the resolution of the Florida action and, therefore, seeks dismissal or stay of these proceedings. Plaintiffs argue that this court must proceed to hear this case under the *Colorado River* doctrine.

Under the doctrine set forth in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), "a federal court may stay or dismiss a suit in exceptional circumstances when there is a concurrent state proceeding and the stay or dismissal would promote 'wise judicial administration.'" *Caminiti and Iatarola v. Behnke Warehousing,* 962 F.2d 698, 700 (7th Cir.1992) (*quoting Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1246). According to the Seventh Circuit:

> the first step in determining whether the *Colorado River* doctrine is applicable is to inquire whether the concurrent state and federal proceedings are parallel. It is important to note that "the requirement is of parallel suits, not identical suits. A '*suit*' is "*parallel*" *when substantially the same parties are contemporaneously litigating the substantially the same issues in another forum* ... "

*Caminiti,* 962 F.2d at 700 (*quoting Interstate Material Corp. v. City of Chicago,* 847 F.2d 1285, 1288 (7th Cir.1988)) (emphasis in original).

■ As between the instant case and the Florida case, the defendants herein, FFC, Korogluyan, Amos Partnership, and FRC are named in both disputes. As plaintiffs admit, only Miller and NFC are not parties to both actions. (*Plaintiffs' Surreply,* at 1). Contrary to plaintiffs' contention, the parties need not be the *same* (*Id.*), but merely *substantially* the same. *Caminiti,*

---

2. The Amended Complaint describes the defendants as follows: defendant Miller is a Highland Park attorney and president of FRC (*Amended Complaint,* ¶¶ 6–7, 12); defendant Korogluyan is president of Amos, Inc., a partner in Amos Partnership, and owner of NFC (*Id.,* ¶¶ 11, 13); FRC and Amos, Inc. own and operate FFC (*Id.,* ¶ 14). The offices of Miller; FRC; Amos, Inc.; Amos Partnership; and NFC are all located at 1910 First Street in Highland Park, Illinois. (*Id.,* ¶¶ 6–10). The post office box that FFC uses is registered to NFC. (*Id.,* ¶ 15).

962 F.2d at 700–701. Even where parties are different, courts may find that their interests are so similar that the suits in question involve substantially the same parties. *Id.* at 701. Clearly, here, where the parties are nearly identical and their interests are the same in the two proceedings at issue, we must find the parties to be "substantially the same."

■ Similarly, the issues involved in the two proceedings are "substantially the same." As plaintiffs again admit (*Plaintiffs' Surreply,* at 1), two counts of their three-count Amended Complaint herein hinge on the correct application of the correct Florida statute of limitations.[3] The third count of their Amended Complaint does allege unspecified violations of 15 U.S.C. § 1692g that do not involve the Florida statute of limitations but, once again, it is not necessary that the issues in the two proceedings be identical. "The slight difference in the parties and issues in the federal and state cases is insufficient to destroy the parallel nature of the two proceedings ..." *Caminiti,* 962 F.2d at 701. Accordingly, it is evident that the Florida case and the instant case are parallel.

■ The next step is the balancing of the various factors supporting or disfavoring a stay. These factors include:

1) whether the state has assumed jurisdiction over property;

2) the inconvenience of the federal forum;

3) the desirability of avoiding piecemeal litigation;

4) the order in which jurisdiction was obtained by the concurrent forums;

5) the source of governing law;

6) the adequacy of the state-court action to protect the federal plaintiff's rights;

7) the relative progress of the state and federal proceedings;

8) the presence or absence of concurrent jurisdiction;

9) the availability of removal; and

10) the vexatious or contrived nature of the federal claim.

*Caminiti,* 962 F.2d at 701 (*quoting LaDuke v. Burlington N.R.R.,* 879 F.2d 1556, 1559 (7th Cir.1989)).

The first factor weighs against dismissal or stay because there has been no exercise of jurisdiction over property. The parties do not address the second factor, but it would appear to work against the positions of both sides and not be applicable here. Plaintiffs reside in Florida, but wish to proceed in Chicago; defendants reside in the Chicago area but wish to proceed in Florida. The tenth factor also weighs against dismissal or stay because there is no claim that the instant suit is vexatious or contrived.

Of the remaining factors at issue,[4] however, all favor dismissal or stay. The Florida court was the first to obtain jurisdiction over these cases. More importantly, it would appear that those proceedings have progressed farther than these. *See Caminiti,* 962 F.2d at 702. (progress of litigation may outweigh earlier jurisdiction). The Florida court has already denied the motion of plaintiffs herein to abate that proceeding, FFC has responded to discovery requests in those proceedings, plaintiffs herein have amended their affirmative defenses in those proceedings, and FFC has informed the counsel of plaintiffs herein that a summary judgment motion was imminent. (*FFC's Sur–Surreply,* at 2). In the instant case, discovery has not proceeded—which is, of course, due to the instant motion for dismissal or stay. Nevertheless, it is clear that the Florida case is further along, in addition to having been initiated first.

The source of governing law and the desirability of avoiding piecemeal litigation weighs

---

**3.** At issue is the possible application of Fla.Stat. § 95.281 to the claim in the initial lawsuit, which provides in pertinent part:

(1) The lien of a mortgage or other instrument encumbering real property, herein called mortgage, except those specified in subsection (5) shall terminate after the expiration of the following period of time:

(a) If the final maturity of an obligation secured by a mortgage is ascertainable from record of it, five years after the date of maturity.

**4.** The parties do not discuss federal rights, concurrent jurisdiction, or removal.

heavily in favor of dismissal or stay. Both this court and the Florida must resolve the issue of the applicable statute of limitations and when it commences to run. Both courts must resort to analysis of Florida law for such a resolution, which would clearly favor the expertise of Florida's courts.[5] "[A]llowing both cases to proceed would result in duplicative and wasteful litigation with the potential of inconsistent resolutions of the issue." *Caminiti*, 962 F.2d at 701. It is, of course, possible that the two courts might arrive at different conclusions. There is also a substantial probability that the Florida court's resolution of the question would render the instant proceedings moot.

In summary, the bulk of the factors weigh in favor of dismissal or stay. The factors that weigh against dismissal or stay do not do so to a significant degree. Both cases require the resolution of a point of Florida law. Accordingly, we find a stay in this matter appropriate pending the outcome of the Florida case. We do not find dismissal necessary, at this time, thus allaying any fear of plaintiffs' that they might be prevented from exercise of their federal rights.

### III. CONCLUSION

For the foregoing reasons, the motion of defendants for a stay of these proceedings pending the outcome of the Florida case is GRANTED.

---

**5.** We believe the Florida court is in a better position than we are to interpret the applicability of their own statute of limitations under Fla.Stat. § 95.11(2) and § 95.281(1)(a) to a particular set of facts. We choose to abstain from making any such ruling on the statute's application, deferring instead to the wisdom of the Florida court.